IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO: 1:19cr130 |
| Plaintiff | : | Judge Matthew W. McFarland |
| -vs- | : | |
| KYMYATTA OATIS (19) | : | |
| Defendant | : | |

_____

SENTENCING MEMORANDUM
_____

Comes now the Defendant by and through counsel and files her Sentencing Memorandum in an effort to assist the court in fashioning a sentence that is sufficient but not greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a) et seq.

The court has unfettered discretion to consider the 3553 (a) factors. No longer are recommendations being made to the court, but when balancing the 3553(a) factors, a sentence that keeps Ms. Oatis in the community is a sentence that is sufficient but not greater than necessary to achieve the purposes of sentencing. The parties suggested that to the Court in the plea agreement and the Defendant prays the court adopt the plea agreement and its recommendations.

## **FACTOR (a)(1)**

"The court…shall consider—(1) the nature and circumstances of the offense and the history and characteristics of the defendant". 18 U.S.C. §3553 (a)(1). This case began as an allegation that Defendant participated in a drug conspiracy that spanned more than three years.

The Defendant was indicted as Defendant nineteen (19) in the initial Indictment (Doc. 53), which ultimately expanded to thirty-nine Defendants as the investigation continued (Doc. 483).

As discovery was produced and motions filed, serious negotiations occurred between the Assistant United States Attorneys and defense counsel.

The case began as a serious case, and resolved on the basis of Defendant's failure to report the activities of her son (Cardale Goines) and her long-time associate/partner (Maurice Jackson). She had no connection to any of the other thirty-six Defendants.

Defendant's conduct consisted of permitting the storage of controlled substances and cash, at her house, knowing or having reason to know of the illegal nature of both.

She pled to a Misprision of a Felony, a Class E felony (the lowest class) by way of an 11(c)(1)(C) plea agreement which she prays the court accept at the sentencing hearing.

The Assistant United States Attorney, who is in the best position to judge Defendant's conduct as it relates to the entire case—they having formulated a multi-count indictment with thirty-nine Defendants— recommended to the court that a sentence of time served[1], and an immediate period of supervised release is the appropriate sentence to be imposed in this case. Defendant agreed with that recommendation and adopts the statutory language that a sentence of time served and a period of supervised release is a sentence "…sufficient but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection."

Of note, conditions of bond were recommended to the court and Defendant has been released on her own recognizance, with conditions, for more than two years. There have no bond violations in that two year period demonstrating to the court that the history and characteristics of this Defendant include her ability to be supervised, and to be law abiding: she has learned her lesson.

---

[1] Defendant was arrested and held in custody from November 14 and released on bond on November 19, 2019.

## FACTOR (a) (2)

This court shall consider the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Great discretion is afforded a federal judge in the fashioning of a sentence. "A sentencing judge has greater familiarity with an individual case and individual defendant than the Commission or the appeals court…and is therefore in a superior position to find facts and judge their import under §3553(a) in each particular case" *Kimbrough v. United States,* 552 U.S. 85, 109, 128 S.Ct. 558, 574 (2007).

This court should use the discretion that the United States Supreme Court reaffirmed it had in the series of cases starting with *Booker,* through *Kimbrough*, *Gall* and *Rita* and impose a sentence of time served and start her on a period of supervised release.

The offense is serious. A sentence that keeps this Defendant in the community is just punishment for the offense, it affords adequate deterrence to criminal conduct: the government recommends it and the Defendant agrees.  There is little chance that the Defendant is a danger to the community as she has demonstrated for more than two years, while on bond, that she can be law abiding. The Defendant herself has provided her own educational or vocational training—the taxpayers need not provide that in an institutional setting.

## FACTOR (a)(3)

The kinds of sentences available to this court, using its discretion, includes a sentence of time served, with an immediate period of supervised release because of factor (a)(4).

## FACTOR (a)(4)

18 U.S.C. §3553(a)(4) is a straight Guideline calculation. A correctly calculated advisory guideline range is the cornerstone of the sentencing process.

The underlying offense must be determined and calculated before the count of conviction can be correctly determined: "(a) Base Offense Level: 9 levels lower than the **offense level for the underlying offense…**" U.S.S.G §2X4.1.

The drug quantity attributable to the Defendant, including the conversion of cash into controlled substances results in an agent's estimated amount of 5 ounces—about 140 grams.

Turning to 2D1.1(12) that quantity of controlled substances results in an offense level of 16.

Taking the level 16 from 2D1.1(12) back to 2X4.1, results in an adjusted offense level of 7 (16-9) for 2X4.1 purposes.

The government has agreed to a two level reduction for acceptance of responsibility (7-2) resulting in an adjusted offense level of 5. The Defendant does not qualify for the additional one level reduction pursuant to 3E1.1(b) because her offense level, prior to the application of 3E1.1 (a) is not a sixteen or higher.

The correctly calculated guideline sentence is an advisory sentence of 0-6 months which is the intersection of a Criminal History of II and an offense level of 5.

The recommended sentence of time served and immediate supervised release falls within the advisory guideline range and is procedurally reasonable and entitled to a rebuttable presumption of same.[2]

---

[2] With respect to substantive reasonableness, the law of this circuit distinguishes between those sentences that fall within a correctly calculated guidelines range and those that fall outside of it. Those sentences falling into the former category, such as that imposed upon Trejo, are entitled to a rebuttable presumption of reasonableness. *United States v. Trejo-Martinez,* 481 F.3d 409, 413 (6th Cir. 2007) citing *United States v. Cruz,* 461 F.3d 752, 754 (6th Cir. 2006).

## FACTOR (a)(5)

The court must consider relevant policy statements when determining a sentence pursuant to 18 U.S.C. §3553(a)(5). There are no policy statements, applicable to Ms. Oatis that have not been considered in the guidelines themselves.

## FACTOR (a)(6)

Defendant believes a sentence of time served with an immediate period of supervised release does not create an unwarranted disparity between similarly situated defendants when the court considers all seven factors as the statute requires. The court will be sentencing an individual with an offense level of 5 and a criminal history of II (for offenses that scored, but occurred seventeen years ago)

## FACTOR (a)(7)

Restitution is not a factor in this case.

## CONCLUSION

Having analyzed the factors this court must taken into consideration in fashioning a sentence that is sufficient but not greater than necessary to achieve the purposes of sentencing, the Defendant asks the court to adopt the plea agreement in this case and sentence her to time served, and an immediate period of supervised release. That is a sentence that is sufficient but not greater than necessary, to achieve the purposes of sentence and provide just punishment for the offense of conviction, falls within the correctly calculated guideline range and is therefore presumptively reasonable. As the letter in support states, Ms. Oatis is not going to reoffend. She has been able to hold jobs, but her physical health has impeded her progress.

The Defendant prays the court accept the 11(c)(1)(C) plea agreement and sentence her to time served and immediately place her on supervised release.

Respectfully submitted:

S/:Lawrence J. Greger
Lawrence J. Greger
Attorney at Law 0002592
5335 Far Hills Avenue, Suite 219
Dayton, OH 45429
(937) 223-3153
larry@gregerlawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum with attachment was served on the Assistant United States Attorney, by filing same on the court's CM/ECF system on the 16th day of March, 2022.
.

S/:Lawrence J. Greger